UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher J. Cullins, #241769, a/k/a Christopher James Cullins, Jr., **Plaintiff,** vs. Sumter City Police Department; Paty or Patty Paterson, Chief of Police; Detective William Lyons, #1641; Detective Tod Sims, #1432; Detective Curtis Hodge; Detective Dean Plute; Detective John Latiker, #1484; State of South Carolina; State Attorney General Henry McMaster; C. Kelly Jackson, State Solicitor for Sumter County; W. Jason Corbett, Assistant Solicitor in Sumter County; W. Materson or Mathison Gamble, Assistant Solicitor in Sumter County, **Defendants.** | C/A No. 8:10-264-RBH-BHH REPORT AND RECOMMENDATION *for dismissal of three of the named defendants* |

The plaintiff, Christopher J. Cullins ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint appears to name several governmental employees as defendants.[2] Plaintiff alleges false arrest, false imprisonment, and malicious prosecution in violation of his constitutional rights. Plaintiff seeks money

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

damages. The defendants Sumter City Police Department, State of South Carolina, and State Attorney General Henry McMaster should be dismissed from this action based upon immunity and failure to state a claim on which relief may be granted.

### *Pro Se* Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, a portion of the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

The crux of Plaintiff's complaint is that on November 1, 2007, he was arrested by several of the defendants first for driving under suspension and improper turn and, later the same day, for criminal conspiracy. Plaintiff alleges that he was detained at the Sumter Lee Regional Detention Center after the second arrest for criminal conspiracy and that the bond was set too high for him to satisfy it. Plaintiff alleges that he remained in the detention center for about thirteen months until November 18, 2008, when he was finally released on a bond. Plaintiff alleges that he was falsely imprisoned without probable cause during those thirteen months spent in the detention center. Plaintiff alleges that the defendants abandoned the criminal conspiracy case against him in May of 2009. By bringing this lawsuit, Plaintiff seeks to be compensated for his unlawful confinement.

## Discussion

"State sovereign immunity is a bedrock principle of 'Our Federalism.'" *Virginia v. Reinhard*, 568 F.3d 110, 115 (4th Cir. 2009) (citation omitted). When the States entered the Union they consented to a system of dual sovereignty and did not agree to become mere appendages of the Federal Government. *Id.* The Eleventh Amendment to the United States Constitution reflects the foundational principle of sovereign immunity because it divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department. *See Id.* The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd.*

of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Bellamy v. Borders*, 727 F. Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Soc. Serv.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). Accordingly, the defendant State of South Carolina should be dismissed without prejudice based upon Eleventh Amendment immunity.

Similarly, to the extent that the State Attorney General Henry McMaster is being sued in his official capacity as an agent of South Carolina, this action cannot be brought in this federal court because of the Eleventh Amendment. *See Morstad v. Dept. of Corr. and Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998) ("absent a waiver, the Eleventh Amendment immunizes the state and its officials acting in their official capacities from § 1983 liability"). Also, to the extent that Henry McMaster is being sued in his individual capacity, he should

be dismissed from this lawsuit because Plaintiff does not allege that McMaster was personally involved with depriving Plaintiff's constitutional rights. Plaintiff alleges that McMaster "is legally responsible for the officers under his jurisdiction, including the officers and solicitors of the County of Sumter... ." Plaintiff alleges that he brings suit against McMaster because he is the "head over these officers." *See* S.C. Const. Art. V § 24 ("The Attorney General shall be the chief prosecuting officer of the State with authority to supervise the prosecution of all criminal cases in courts of record."). It appears that Plaintiff seeks to hold McMaster liable based upon actions or misconduct of McMaster's subordinates. However, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977). *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). Liability cannot be imposed on defendant McMaster, in his individual capacity, on the basis of actions taken by other solicitors or law enforcement officials.

Additionally, defendant Sumter City Police Department should be dismissed because it is not a "person" who can be sued under § 1983 since Plaintiff does not complain about a policy or custom. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978) (a county can be sued as a "person" under § 1983 when the alleged unconstitutional action implements or executes governmental policy or custom). Defendant Sumter City Police Department cannot be liable pursuant to respondeat superior principles. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) ("municipalities are

6

not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship") (citing *Monell*, 436 U.S. at 692-94). A municipality may not be held liable under § 1983 solely because it employs the tort-feasor; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997). *See also McMillian v. Monroe County, Alabama*, 520 U.S. 781 (1997) ("If the sheriff's actions constitute county 'policy,' then the county is liable for them."); *Knight v. Vernon*, 214 F.3d 544, 552-53 (4th Cir. 2000). As the plaintiff has alleged no actionable conduct of Sumter City Police Department, nor identified any actionable policy or custom, that defendant should be dismissed.[3]

### Recommendation

Accordingly, it is recommended that the District Court dismiss the defendants Sumter City Police Department, State of South Carolina, and State Attorney General Henry McMaster *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the important notice on the next page.**

                                                  s/Bruce Howe Hendricks
                                                  United States Magistrate Judge

February 22, 2010
Greenville, South Carolina

---

[3] If Plaintiff intended to name the City of Sumter or the County of Sumter as a defendant, this same analysis would apply and they also should be summarily dismissed.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk

United States District Court

Post Office Box 10768

Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).