IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christopher J. Cullins, ) | Civil Action No.: 8:10-cv-00264-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Sumter City Police Department; Paty Paterson, ) | |
| Chief of Police a/k/a Patty Paterson; Detective ) | |
| William Lyons, Number 1641; Detective Tod Sims, ) | |
| Number 1432; Detective Curtis Hodge; Detective ) | |
| Dean Plute; Detective John Latiker, Number 1484; ) | |
| State of South Carolina; State Attorney Henry ) | |
| McMaster; C. Kelly Jackson, State Solicitor for ) | |
| Sumter County; Assistant Solicitor W. Jason ) | |
| Corbett; and Assistant Solicitor W. Materson ) | |
| Gamble a/k/a W. Mathison Gamble; ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state prisoner proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Evans Correctional Institution in Bennettsville, South Carolina.

This matter is now before the court with the [Docket Entry 10] Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks[1] filed on February 22, 2010. In her Report, the Magistrate Judge recommended that Defendants Sumter City Police Department, State of South Carolina, and State Attorney General Henry McMaster should be dismissed from this action based upon immunity and failure to state a claim on which relief can

---

[1] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.

be granted. Report at 2. Plaintiff timely filed objections to the Magistrate Judge's Report.[2] *See* Plf's. Obj. [Docket Entry 16].

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

---

[2] The court notes that it is uncertain as to whether Plaintiff's objections were actually timely filed. The objections were not filed on the docket until March 15, 2010, which was four days after the March 11 deadline for filing such objections. However, a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court. *Houston v. Lack*, 487 U.S. 266 (1988). Unfortunately, in the case at bar, the prison officials failed to stamp the envelope with Plaintiff's delivery date. *See* Env. [Docket Entry 16-2]. Additionally, Plaintiff's handwritten objections state that the objections were submitted on March 11, 2010. Plf's. Obj. at 4. Therefore, out of an abundance of caution, the court considered Plaintiff's objections timely filed and reviewed them accordingly.

**Discussion**

First, the Magistrate Judge recommended that Defendants State of South Carolina and State Attorney General Henry McMaster should be dismissed based upon Eleventh Amendment immunity. Report at 5. Plaintiff does not object to this recommendation. As a matter of fact, Plaintiff stated the following in his objections regarding those two defendants:

> [T]he plaintiff does not object to this court's recommendation to dismiss Defendant State Attorney General Henry McMaster and the State of South Carolina on grounds that issues should not be entertained in federal court as in a § 1983 claim.
>
> Therefore, the plaintiff voluntarily dismiss[es] Defendants State Attorney General Henry McMaster and the State of South Carolina as Defendants in this action based on the above.

Pl's. Obj. at 4. Accordingly, based on the Magistrate Judge's recommendation and Plaintiff's consent thereto, Defendants State Attorney General Henry McMaster and State of South Carolina should be dismissed from this action.

Second, the Magistrate Judge recommended that Defendant Sumter City Police Department "should be dismissed because it is not a 'person' who can be sued under § 1983 since Plaintiff does not complain about a policy or custom." Report at 6 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978) (a county can be sued as a "person" under § 1983 when the alleged unconstitutional action implements or executes governmental policy or custom)). The Magistrate Judge further found that Plaintiff had not alleged any actionable conduct of Sumter City Police Department, nor identified any actionable policy or custom, and therefore the defendant should be dismissed. Report at 7. Plaintiff did object to this recommendation. However, Plaintiff's objection is without merit.

In his objections, Plaintiff argues that Defendant Sumter City Police Department's liability arises from Detective Tod Sims securing an arrest warrant without probable cause. Further, Plaintiff contends that "Detective Tod Sims demonstrated conduct on behalf of the Sumter City Police Department that directly created an actionable liability therefore the Sumter City Police Department should not be dismissed or shielded from liability based on the arrest warrant." Plf's. Obj. at 3.  The court notes that the United States Supreme Court has held that "a municipality cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (stating that generally, "municipalities are not liable pursuant to *respondeat superior* principles for all constitutional violations of their employees simply because of the employment relationship.") (citing *Monell*, 436 U.S. at 692-94).  Rather, for purposes of § 1983, an act can only be attributed to a municipality "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent the official policy, inflicts the injury . . . ." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 416-17 (1997) (quoting *Monell*, 436 U.S. at 694); *see also Knight v. Vernon*, 214 F.3d 544, 552 (4th Cir. 2000) (holding that county could be held liable under § 1983 if sheriff's action represented "official county policy").  In the case at bar, Plaintiff fails in his complaint and objections to identify or allege any actionable policy or customs of Sumter City Police Department.  Rather, his arguments seem to rely solely on an inapplicable *respondeat superior* theory. *See Monell*, 436 U.S. at 691; *see also Edwards*, 178 F.3d at 244.  Accordingly, the court overrules Plaintiff's objection and finds that Defendant Sumter City Police Department should be dismissed from this action.

**Conclusion**

The court has thoroughly reviewed the Report, objections, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, Defendants State Attorney General Henry McMaster, State of South Carolina, and Sumter City Police Department are **DISMISSED** *without prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

    s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

April 7, 2010
Florence, South Carolina