IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Christopher J. Cullins, | Civil Action No.: 8:10-264-RMG-BHH |
| Plaintiff, | |
| v. | **ORDER** |
| Sumter City Police Dept., et.al., | |
| Defendants. | |

Pursuant to 42 U.S.C. § 1983, the *pro se* Plaintiff, is alleging claims for civil rights violations. This matter is before the Court on the Plaintiff's Motions to Strike (Dkt. # 69) and to Compel (Dkt. # 70.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

**Motion to Strike**

The Plaintiff has filed a motion seeking an order striking the affidavits of the Defendants C. Kelly Jackson, W. Mattison Gamble, and Curtis Hodge, William Lyons, Dean Plute, and John Litaker. (Dkt. # 69.) The Plaintiff claims these affidavits contains hearsay statements, conclusory allegations, legal arguments, statements not based on personal knowledge, and statements made in bad faith. *Id*. Upon review of the affidavits and the Plaintiff's allegations, the undersigned finds that the Plaintiff's motion to strike the affidavits should be denied. See Graves v. Horry-Georgetown Technical College, 512 F.Supp.2d 413, 417 n. 1 (D.S.C. 2007) (stating that while it may be appropriate to

disregard inconsistent statements in an affidavit, striking is a drastic sanction that was not appropriate under the facts presented).[1]  Accordingly, the Plaintiff's Motion to Strike (# 69) is denied.

**Motion to Compel**

The Plaintiff has filed a Motion to Compel.  (Dkt. # 70.)   In this motion, the Plaintiff is seeking an order requiring the Defendants to answer his prior discovery requests and an extension of time within which discovery can be conducted.   Alternatively, the Plaintiff seeks the denial of the Defendants' Summary Judgment Motions.

The Defendants Jackson, Corbett Gamble, Hodge, Latiker, Lyons, Paterson, Plute, and Tod Sims pleaded the affirmative defense of qualified immunity, and moved for summary judgment on this ground and sought protection from discovery.  (Dkt. # 27, 39, 42, 43, 48, and 49.)  In a previous Order (Dkt. # 46), the undersigned granted the Defendants' Motions to Stay Discovery until the Court rules on the Defendants' Summary Judgment Motions. (Dkt. # 46 and 52.)

Under Rule 56(f), a court may defer ruling on a motion for summary judgment if the non-movant demonstrates that he has not had sufficient time to present facts in opposition to the summary judgment motion.  *See, e.g., Harrods Ltd. v. Sixty Internet Domain Names,* 302 F.3d 214, 244 (4th Cir. 2002).   Defendants sued for money damages for violations of constitutional rights are immune from suit under the doctrine of qualified immunity if, inter alia, the complaint fails to allege facts that give rise to the violation of a clearly-established

---

[1] Alternatively, the undersigned would deny the motion to strike as being unavailable as some courts have held that a motion to strike is not available to strike material set forth in affidavits. *See United States v. Southern Cal. Edison Co.*, 300 F.Supp.2d 964 (E.D.Cal 2004); *York v. Ferris State Univ.*, 36 F.Supp.2d 976 (W.D.Mich.1998); *International Longshoremen's Ass'n, S.S. Clerks Local 1624, AFL-CIO v. Virginia Int'l Terminals, Inc.*, 904 F.Supp. 500 (E.D.Va .1995).

constitutional right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding government officials are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known). Furthermore, "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified Immunity is an immunity from suit rather than a mere defense to liability. *Id*.

Because the moving Defendants have raised the defense of qualified immunity, the Defendants are entitled to resolution of the issue before being subject to the burdens of litigation, including discovery. *See, e.g., Lescs v. Martinsburg Police Dep't,* 138 F. App'x 562, 564 (4th Cir.2005) (per curiam) (unpublished). Thus, at this time, the court denies the Plaintiff's request to compel discovery or deny the Defendants' Motions for Summary Judgment pending discovery. *See* Fed.R.Civ.P. 56(f)(1); *White v. BFI Waste Servs., LLC,* 375 F.3d 288, 295 n. 2 (4th Cir. 2004). Accordingly, the Plaintiff's Motion to Compel is denied.

Wherefore, based on the foregoing, the Plaintiff's Motions to Strike (Dkt. # 69) and to Compel (Dkt. # 70) are DENIED.

IT IS SO ORDERED.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 22, 2010
Greenville, South Carolina

3